In re Petition for DISCIPLINARY ACTION AGAINST Lauren K. MAKER, an Attorney at Law of the State of Minnesota.

No. C7–99–1384.

Supreme Court of Minnesota.

Sept. 16, 1999.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Lauren K. Maker has committed professional misconduct warranting public discipline, namely, respondent commingled earned funds and unearned client retainers in her trust account, allowed shortages to exist in her trust account, withdrew retainers before they had been earned, and failed to maintain the required trust account books and records, in violation of Minn. R. Prof. Conduct 1.15(a), 1.15(b)(3), and 1.15(g), Lawyers Professional Responsibility Board (LPRB) Opinions 9 and 15, and the holding in *In re Lochow*, 469 N.W.2d 91 (Minn.1991).

Respondent admits her conduct violated the Rules of Professional Conduct, waives her rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand and unsupervised probation for two years subject to the following conditions:

1. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for the release of information and documentation to verify compliance with the terms of this probation;

2. Respondent shall abide by the Minnesota Rules of Professional Conduct;

3. Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15, and LPRB Opinion No. 9. These books and records include the following: client subsidiary ledgers, checkbook register, monthly trial balances, monthly trust account reconciliations, bank statements, canceled checks, and duplicate deposit slips. Such books and records shall be made available to the Director within 30 days of the approval of the stipulation and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance; and

4. Payment of $900 in costs and disbursements pursuant to Rule 24, (RLPR).

This court has independently reviewed the record and approves the jointly agreed-upon discipline.

IT IS HEREBY ORDERED that respondent Lauren K. Maker is publicly reprimanded and is placed on unsupervised probation for a period of two years on the jointly agreed-upon conditions set out above.

BY THE COURT:
Alan C. Page
Alan C. Page
Associate Justice